**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 09-CIV-23829-GRAHAM

STEVEN E. INGRAHAM,

    Plaintiff,
vs.

PUBLIC HEALTH TRUST and ARMOR
CORRECTIONAL HEALTH SERVICES, INC.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff's Motion to Remand to State Court [D.E. 36].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises. For reasons set forth herein, the Motion to Remand to State Court is granted.

### I. BACKGROUND

Plaintiff originally brought this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to recover for improper denial of medical treatment while he was in the custody of Miami-Dade County Department of Corrections and Rehabilitation ("DOC") [D.E. 1, ¶34]. Plaintiff filed a nine-count Complaint which asserts claims of liability against the DOC, Dade County, Armor Correctional Health Services,

Inc. ("Armor"), and the Public Health Trust ("PHT") under 42 U.S.C. § 1983 and for negligence, vicarious liability, and active negligence [D.E. 1, ¶¶ 7, 16]. On December 23, 2009, Defendant removed this action to this Court [D.E. 1]. The Court dismissed the Section 1983 claims against the DOC, Dade County, Armor, and the PHT on May 20, 2010 [D.E. 30]. Plaintiff then filed his first amended complaint alleging only state law claims against PHT and Armor [D.E. 31]. With the instant motion, Plaintiff moves to remand this action to state court pursuant to 28 U.S.C. § 1367(c) [D.E. 36].

## II. Discussion

### A. Removal and Remand Generally

On a motion for remand, a removing defendant bears the burden of proving proper federal jurisdiction. Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002). A party who removes a case to federal court pursuant to 28 U.S.C. §1441 must prove that the federal district court possesses "original jurisdiction," which exists when the Plaintiff's claims arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. §1331. Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. See Pacheco de Perez v. A T & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). If, however, the Plaintiff's federal law claims are dismissed upon removal, the court must look to see whether a "jurisdictional basis exists to support Plaintiff's state

law claims in federal court." <u>Baggett v. First National Bank of Gainesville</u>, 117 F. 3d 1342, 1352 (11th Cir. 1997).  If the Court has jurisdiction to hear the remaining state law claims, "[it] must decide whether, in its discretion, it will retain jurisdiction over the state claims." <u>Id.</u>

**B.  The Court declines to exercise Supplemental Jurisdiction**

It has long been settled by the United States Supreme Court that "needless decision[s] of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966).

Pursuant to 28 U.S.C. § 1367, District courts are empowered to exercise supplemental jurisdiction over claims in which it does not have original jurisdiction. <u>See</u> 28 U.S.C. § 1367.  However, the court, in exercising discretion and judicial comity, should remand the case to the state court if all federal claims have been dismissed and it would not prejudice the parties involved. <u>Duran v. Greenpoint Mortgage Funding, Inc.</u>, 2009 WL 5166261, *3 (S.D. Fla. Dec. 29, 2009); <u>United Mine Workers</u>, 383 U.S. 715; <u>Carnegie Mellon Univ. v. Cohill</u>, 484 U.S. 343 (1988); <u>Eubanks v. Gerwin</u>, 40 F. 3d 1157 (11th Cir. 1994).  Accordingly, the Court has the discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims where all claims over which it had original jurisdiction have been dismissed. <u>Duran</u>, 2009 WL 5166261

(S.D. Fla. Dec. 29, 2009). Since it is uncontested that only state law claims remain in the present matter, "state courts not federal courts should be the final arbiter of state law." <u>Hardy v. Birmingham Bd. Of Educ.</u>, 954 F. 2d 1546, 1553 (11th Cir. 1992). In addition, remanding this matter to state court will not prejudice the parties involved due to the "early" stage of litigation and the fact that only state law claims remain. <u>Duran</u>, 2009 WL 5166261 (S.D. Fla. Dec. 29, 2009).

### C. No evidence of manipulative tactics by Plaintiff

Defendant also asserts that prejudice will result if the court remands the case because the Plaintiff will be able to secure a state forum through the use of manipulative tactics. Defendant argues that the Plaintiff, whose suit is already in federal court, will be able to regain a more advantageous state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case. "This concern, however, hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 357 (1988). Furthermore, "if the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand

in the case. Id. In other words, "the [Court] can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims." Id. To that end, there is simply no evidence on record that suggests Plaintiff is utilizing manipulative tactics. The Plaintiff's federal claims were dismissed by the Court and not voluntarily dismissed by the Plaintiff. Accordingly, Defendant's argument is without merit.

D. **Attorney's Fees and Costs**

Pursuant to 28 U.S.C. 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The purpose of this provision is to "deter removals sought for the prolonging of litigation and imposing costs on the opposing party." Duran, 2009 WL 5166261 (S.D. Fla. Dec. 29, 2009)(quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005)). Such is not the case in the present matter for it was the Defendant who sought the federal forum. The Plaintiff did not insidiously add his federal claims to prolong litigation or for the imposition of additional costs to the Defendant. Plaintiff's good-faith claims were included in his original complaint. All of his federal claims were dismissed by the Court. Hence, attorney's fees are not warranted in this matter and Defendant's request for attorney's fees is denied.

### III. Conclusion

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [D.E. 36] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that this case is remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** for administrative purposes and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of July, 2010.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record